# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | NO. A-04-CR-245 LY<br>NO. A-05-CR-009 LY |
| MICHAEL PATRICK BEVELHYMER | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on July 17, 2009, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On July 7, 2005, the Defendant was sentenced to 36 months of imprisonment followed by 3 years of supervised release, for theft of stolen mail matter, in violation of 18 U.S.C. § 1708. On this same date he was also sentenced to 12 months of imprisonment and three years of supervised release for failure to appear, in violation of 18 U.S.C. § 3146. (The Defendant absconded from pretrial supervision, and failed to appear at his sentencing hearing.) The 12 month imprisonment term in this latter case was ordered to run consecutively to the 36 month sentence on the theft of mail

count (resulting in a total term of imprisonment of 48 months). The supervised release term was ordered to run concurrently with the supervised release term in the theft of mail case.

The Defendant's supervision commenced on April 11, 2008. Immediately the Defendant began to violate his conditions of release. In April, he failed to attend the drug treatment sessions he was instructed to attend, and on May 9, 2008, the Probation Officer spoke to the Defendant's sister, in whose home he was supposed to be residing, and she told the Probation Officer that the Defendant had moved out a week after releasing from prison and she did not know where he was. Based on all of this, on May 29, 2008, the Probation Office filed its petition, and the undersigned authorized the issuance of a warrant for the Defendant. The Defendant was arrested by Austin Police on July 12, 2009. The arrest came as the result of the manager of a Jason's Deli reporting to APD that the Defendant was a frequent customer who always paid with a gift card, and value had been added to the gift card numerous times, each time with a different credit card. From this the manager suspected credit card fraud, and was told by APD to call 911 the next time the customer came in. He did so, and when APD arrived and checked warrants, the revocation warrant in this case came to light, and the Defendant was taken into custody on that warrant. No state charges have been filed related to the complaint made by Jason's Deli.[1]

On July 17, 2009, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a)

---

[1] Ironically, the Defendant owes restitution of $532.95 to Jason's Deli for the scheme at issue in the underlying case. The police report for the most recent arrest relates that when questioned, the Defendant indicated that he had been using stolen credit cards to add money to Jason's Deli gift cards, and that "he really enjoys the food there and it's his favorite place to eat." Just another example that one can in fact have "too much of a good thing."

and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the charges against him.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) failing to attend substance abuse therapy sessions, or submit to urinalysis in April and May 2008; (2) failing to report to the Probation Office for the month of May 2008, and failing to follow instructions to report;

(3) failing to notify the Probation Office ten days prior to a change in residence; and (4) failing to make payments toward his restitution.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. Having considered all of the matters presented at the hearing and the file in this case, this Court RECOMMENDS that the Defendant be sentenced to 12 months of imprisonment, with no supervised release to follow, on each of the two cases before the Court, with said sentences to run concurrently. IT IS FURTHER RECOMMENDED that the restitution balance of $3,955.58 be reimposed.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of July, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE